IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARTHA CHANCELLOR, by her
attorney-in-fact, NORMAN
CHANCELLOR                                              PLAINTIFF

            v.              Civil No. 99-2066

VAN BUREN H.M.A., INC. d/b/a
CRAWFORD MEMORIAL HOSPITAL;
REBECCA FLOYD, M.D.; LUIS CESAR,
M.D.; AND HOLT-CROCK CLINIC, P.L.C.                   DEFENDANTS

## ORDER OF DISMISSAL

Currently before the court for consideration is the report
and recommendation filed herein on August 18, 2000, by the
Honorable Beverly Stites Jones, United States Magistrate Judge for
the Western District of Arkansas. (Doc. 60.) As Plaintiff Martha
Chancellor filed objections to the report and recommendation (Doc.
62), the court has conducted a *de novo* review, *see* 28 U.S.C. §
636(b)(1), and concludes that the Magistrate's findings and
recommendations are correct and proper and should be adopted.

On July 25, 2000, this court entered an order finding
Plaintiff's competency to be in issue and directing Plaintiff to
submit to physical and psychological examinations on August 1 and
2, 2000. (Doc. 59.) When Plaintiff failed to appear for the
examinations, the Magistrate recommended dismissing Plaintiff's
action for failure to comply with a court order. *See* Federal Rule
of Civil Procedure 41(b).

AO 72A
(Rev.8/82)

In her objections to the Magistrate's report and recommendation, Plaintiff appears to take issue with the court's authority to order the examinations. Plaintiff characterizes as "reprehensible and unethical" efforts by court staff to schedule the physical examination with Plaintiff's treating physician, Dr. Kelly Trygg. Plaintiff attaches to her objections a letter from Dr. Trygg, in which Dr. Trygg indicates that court staff "threaten[ed]" to subpoena her to testify regarding Plaintiff's competency unless Dr. Trygg scheduled an appointment to conduct a physical examination of Plaintiff.

Plaintiff put her competency in issue when she submitted a letter to the court from Dr. Trygg suggesting that she could neither physically nor mentally meaningfully participate in the proceedings in this case. (Doc. 29 Attach.) The court had cause to question Dr. Trygg's assessment when Plaintiff subsequently submitted a videotape of herself to the court, which gave the court its first opportunity to observe Plaintiff's lucidity and behavior, as she had never appeared before the court. (Docket Entry 8/29/00.) In the videotape, Plaintiff appeared capable of comprehending the proceedings and asserting her own opinions and wishes in regard to this case. As a factual issue existed regarding Plaintiff's competency, the court found it necessary to conduct further inquiry. *See Cyntje v. Government of the V.I.*, 95 F.R.D. 430, 431-32 (D.C. V.I. 1982) (under Federal Rule of Civil

-2-

AO 72A
(Rev.8/82)

Procedure 17(c), if factual issue exists regarding litigant's competency, court may conduct sua sponte inquiry and appoint doctor to conduct examination), *aff'd,* 782 F.2d 1027 (3rd Cir. 1985). The court therefore contacted Dr. Trygg and gave her the option of either (1) appearing before the court by subpoena to testify as to whether Plaintiff was physically able to travel approximately 250 miles to attend the trial in this case and participate in the two to three-day trial, or (2) scheduling an examination with Plaintiff and submitting a written report to the court regarding these matters. Dr. Trygg chose the latter option.

Turning to Plaintiff's other objections to the Magistrate's report and recommendation, Plaintiff asserts that she did not receive the order directing her to submit to the examinations until "one and one-half days" before she was scheduled to appear for them. Plaintiff states that she does not consider this "'ample notice'" of the examinations. The court went to great lengths to ensure that Plaintiff received the order at issue as quickly as possible after it was entered. Specifically, the court sent the order by facsimile, by federal express, and by regular mail. While the federal express package was returned as undeliverable because no one ever answered the door on three delivery attempts[1] (Docket Entry 8/8/00), and while Plaintiff

---

[1]The court notes that Federal Express' documentation is somewhat confusing, but, upon careful examination, it appears that there were only three delivery attempts, not five as stated by the Magistrate in her report and recommendation.

-3-

AO 72A
(Rev.8/82)

allegedly did not receive the last page of the facsimile transmission of the order, Plaintiff acknowledges that, by July 26, 2000, she received facsimiles of the pages of the order directing her to appear for the examinations. (Attach. A.) Thus, Plaintiff had at least five days notice of the examinations. We note, with regard to the court-ordered psychological examination, Plaintiff acknowledges that she actually had close to two-weeks notice of this examination, as she received a letter from the psychologist's office on July 20, 2000, advising her that an appointment had been made for her on August 2, 2000. (Doc. 62 at page 5.) In any event, the court concludes that even if Plaintiff had, as she contends, only one and a half days notice of the examinations, she has failed to demonstrate why this was not sufficient. Accordingly, the court finds no cause excusing Plaintiff's failure to appear for the scheduled examinations.

We next address whether Plaintiff's failure to appear for the examinations warrants dismissal of her action. The proceedings in this case have been long and protracted, with no progress being made towards actually readying the case for trial. The alleged instances of medical malpractice forming the basis for this action occurred in 1994, more than six years ago. Plaintiff originally filed her suit in state court in 1996, but was granted a nonsuit of this action in 1998. (Doc. 1 at page 1.) In a

-4-

letter to Plaintiff's husband--which letter Plaintiff submitted to the court--Plaintiff's counsel in the state-court action stated:

> [Y]ou will not permit direct contact with either you or Martha. Nor . . . will you inform me as to either you or Martha's whereabouts. And although I have on numerous occasions given you my home number and fax number and advised that you could call me collect, you have refused to do so. In fact I have expressed a necessity of meeting with you and Martha in person to discuss this case, and you have refused even that request. As such, the only way to reach you is by mail or indirectly through Mary, [Plaintiff's sister-in-law], by fax when she is available to turn her fax machine on. You must agree with me that this makes timely communications impossible. . . . I now for the third time am requesting authorization to enter into settlement negotiations without further delay. . . . Martha's case is not over and settlement negotiations remain possible. However, if the opposing party becomes more aware than they already are that we are having difficulty controlling our client or that the client is making decisions regarding legal matters, Martha's chances for recovery are significantly reduced . . . . This is another reason why it is imperative that we meet as soon as possible to discuss this case and move on with Martha's best interests in mind. (Attach. B.)

Instead of pursuing her case with this attorney, Plaintiff filed a bar complaint against him. (Attach. C.) Plaintiff thereafter retained new counsel and, in April 1999, re-filed her case in federal court. In January 2000, Plaintiff's new counsel moved to withdraw. (Doc. 21.) From letters written by Plaintiff's counsel, which again Plaintiff submitted to the court, it appears that Plaintiff's counsel sought to withdraw because Plaintiff and her husband would not cooperate in their counsel's attempt to schedule depositions and were "second guess[ing] everything [counsel did], looking for some ulterior motive."

-5-

AO 72A
(Rev.8/82)

(Attach. D.) Specifically, it appears that Plaintiff questioned counsel's motive in urging Plaintiff to discontinue her bar complaint against her former counsel. Counsel explained to Plaintiff:

> [I]t does appear that there has been a substantial amount of beneficial work done [by former counsel]. . . and my recommendation to not pursue [the bar complaint] is based substantially upon the fact that you have enough problems to deal with without increasing your burden. I would like to see your life simplified and not complicated. Regardless of what you choose to do in this regard, ultimately that is your decision, and I will respect that. (Attach. E.)

When Plaintiff continued to question counsel's motives (Attach. F), counsel filed the motion to withdraw. Plaintiff concurred in her counsel's motion to withdraw and asked the court to "grant her ample time to retain new legal representation." (Doc. 63.)

The court granted the motion to withdraw in February 2000. (Doc. 23.) Plaintiff then began barraging the court with countless items of correspondence and requests, seeking assistance in obtaining information regarding her case from her former attorneys. The court notes that on one occasion, court staff actually obtained and sorted through these attorneys' voluminous files on the case and made copies of a multitude of requested documents for Plaintiff. On April 6, 2000, the court held a status hearing in the case to determine the status of discovery and Plaintiff's attempts to retain counsel, but neither Plaintiff

-6-

AO 72A
(Rev.8/82)

nor her husband or sister-in-law, who, at this point, were purporting to act on Plaintiff's behalf, appeared. (Doc. 25.)

In May 2000, the court officially granted Plaintiff's husband permission to pursue this action on his wife's behalf, as he submitted the letter mentioned above from Plaintiff's treating physician suggesting that Plaintiff could not meaningfully participate in the proceedings. (Doc. 37.) The court advised Mr. Chancellor, however, that he could not proceed pro se. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (while non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself; thus, parent could not bring action on behalf of minor child without retaining a lawyer); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (same); *see also Turner v. American Bar Ass'n*, 407 F. Supp. 451, 475 (N.D. Tex., W.D. Pa., N.D. Ind., D. Minn., S.D. Ala., and W.D. Wis. 1975)(noting that courts have consistently held that non-lawyers, including attorneys-in-fact and other proxies, may not represent other parties).

The court therefore ordered Mr. Chancellor to either retain counsel or request the appointment of counsel by June 12, 2000, and warned him that his failure to do so could result in the dismissal of this action. As of this date, six months have elapsed since Plaintiff's former attorneys withdrew from this case, yet Mr. Chancellor has still failed to retain counsel. As

-7-

noted in a previous order (Doc. 59), the court even put Mr. Chancellor in contact with an attorney willing to take Plaintiff's case, but Mr. Chancellor has not chosen to retain this attorney.

The court finds no other option at this juncture but to dismiss this case. If Plaintiff were competent to act on her own behalf, she could proceed with this action without an attorney. Plaintiff contends, however, that she cannot meaningfully participate in the court proceedings. The court cannot resolve the issue of Plaintiff's competency because, as detailed above, Plaintiff failed to submit to the court-ordered examinations. The court will not simply assume that Plaintiff is incompetent and allow Mr. Chancellor to act on her behalf, as Mr. Chancellor has failed to retain counsel and he cannot act on Plaintiff's behalf without counsel.

The only other option available to the court would be to appoint a guardian ad litem to pursue this action on Plaintiff's behalf. The court is not inclined to do this for two reasons. First, the court believes that the abovementioned videotape of Plaintiff demonstrates that while she may not be physically and mentally able to *actively participate* in the proceedings in this case, she is capable of comprehending the proceedings and asserting her own opinions and wishes in regard to the case. The court therefore believes that Plaintiff has made the conscious choice to have her husband, Mr. Chancellor, act on her behalf and

-8-

AO 72A
(Rev.8/82)

has chosen to continue to allow him to do so despite his failure to comply with the court's order to retain counsel. The second reason the court is not inclined to appoint a guardian ad litem is because Plaintiff has indicated that she does not wish to have a court-appointed lawyer. (Attach. G.)

The court recognizes the extreme importance of giving every litigant his or her day in court and the court has gone to exhaustive measures in trying to accomplish this in the instant action. Due to Plaintiff's conflicts with her attorneys and failure to comply with court orders, however, this case is no closer to going to trial than it was four years ago when Plaintiff first filed suit in state court. The court must weigh the policy of giving Plaintiff her day in court against the policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures. *See Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir. 1993). While the Plaintiff has certain rights, she does not possess all of the rights in this case. Each Defendant is entitled to have any liability against it adjudicated and concluded. The court believes that the degree of Plaintiff's egregious conduct and the adverse impact of her conduct upon Defendants and the administration of justice warrants dismissal of her action. *See id.* at 686-87.

Based on the foregoing, Plaintiff's action is hereby dismissed for failure to prosecute and failure to comply with

-9-

AO 72A
(Rev.8/82)

court orders. *See* Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED AND ADJUDGED this 31st day of August 2000.

Robert T. Dawson
United States District Judge

This document entered on docket in
compliance with Rule 58 and 79 (a),
FRCP

on ___8/31/00___ by _____

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 3 1 2000

CHRIS R. JOHNSON, CLERK
BY _____ DEPUTY CLERK

July 26, 2000

Erin Setser
c/o The Honorable Beverly S. Jones
Magistrate Judge
United States District Court
Western District of Arkansas
Post Off ... Box 1525
Fort Smith, Arkansas    72902-1525


Re: Case Number 99-CV-2066
     United States District Court
     Western District of Arkansas
     Martha J. Chancellor, Plaintiff, vs. Defendants Van Buren
     H.M. ... Inc d/b/a Crawford Memorial Hospital; Rebecca M.
     Floyd, M.D.; Luis Cesar, M.D.; and Holt-Krock Clinic, PLC


Dear Madam,

There appears to be a problem with your fax transmission
efforts of July 25, 2000.

Your facsimile cover form indicates twelve (12) pages to be
sent.

To date, you have transmitted:

                    6 — cover forms;
                    4 — pages of number 2;
                    4 — pages of number 3;
                    2 — pages of number 4.

We would recommend that your office send a complete, hard-
copy of this information by U.S. Postal Certified mailing,
rather than tie up both our fax machines. As advised
previously, the U.S. Postal Service usually delivers from
Fort Smith, Arkansas to our address in four to five days if a
weekend is not included. If you were to mail the information
today, we would anticipate possible delivery by Tuesday,
August 1, 2000.

Thank you for your kind attention to this matter.


Mary Setser, for Martha J. Chancellor
Rt. 1, Box 1179
Wheatland, Missouri    65779

Fax: 417 — 282-6407                    238
Telephone: 417-282-6731

CC:

Honorable Robert T. Dawson
United States District Judge
United States District Court
Western District of Arkansas

Honorable Beverly S. Jones
Magistrate Judge
United States District Court
Western District of Arkansas

[...] Withers
[...] at Law
[...] & Wright, PLC

[...] Cogbill
[...] at Law
[...], Cogbill, Arnold & Harrison, LLP

[...] Harris
[...] at Law
[...] Smith & Harris, PLC

[...] Metcalf, P.A.
[...] at Law

# FRAHM & STEVENSON, L.L.C.

COPY

ATTORNEYS AT LAW

8826 SANTA FE DRIVE, SUITE 215

CHARLES T. FRAHM·
RICHARD F. STEVENSON·
·ADMITTED IN KANSAS AND MISSOURI

OVERLAND PARK, KANSAS 66212-3672

TELEPHONE
(913) 648-7100
FACSIMILE
(913) 648-8808

September 11, 1998

## VIA FACSIMILE 417/282-6731

Bruce Chancellor
c/o Mary Sulzen
Route 1, Box 1174
Wheatland, MO 65779

Re:        Martha Chancellor
Our File No.   123901

Dear Bruce:

I returned from Labor Day vacation and reviewed both your fax of September 4th and received by certified mail a hard copy of same on that date  I am with this correspondence responding to said letter and will attempt to fax a copy of this response today  However, my staff will not spend the rest of the day attempting to contact Mary in order to have her turn her fax machine on so she is able to receive and forward the fax to you  As you know, Mary works and reaching her at home is, at best, a "hit and miss" proposition.

As I indicated in my correspondence of September 3, 1998, a prudent legal decision was made to obtain a voluntary dismissal. In same correspondence, I informed you as to why you were not involved in the decision-making process. To reiterate, you will not permit direct contact with either you or Martha. Nor you will you inform me as to either you or Martha's whereabouts. And although I have on numerous occasions given you my home number and fax number and advised that you could call me collect, you have refused to do so. In fact, I have expressed a necessity of meeting with you and Martha in person to discuss this case, and you have refused even that request. As such, the only way to reach you is by mail or indirectly through Mary by fax when she is available to turn her fax machine on. You must agree with me that this makes timely communications impossible.

With regards to your reference to the decision to file a voluntary dismissal as a "mistake" I again reiterate that the decision to do so was a prudent legal decision and is in no way to be characterized as a "mistake". As such a motion to voluntarily dismiss this action has been filed and I suspect the court either has or will without further delay enter an order granting the relief requested. Even if I was inclined to refile the case, at this time, it would not be possible to do so until later next

B

FRAHM & STEVENSON, L.I.C.

Bruce Chancellor
c/o Mary Sulzen
September 11, 1998
Page 2

Even if I was inclined to refile the case, at this time, it would not be possible to do so until later next week.

However, I am obligated to inform you that it would not be a prudent legal course of action to refile at this time. In fact, given our continued problems with communications and other problems associated with this case, a refiling now would only serve to exacerbate these existing problems and potentially diminish Martha's probability of a successful recovery.

As such, Mr. Smith, Mr. Nolan and myself stand ready, as we have always been, to vigorously pursue Martha's interest. However, we will do so now only after we have had an opportunity to meet in person with both you and Martha to discuss this case and the recent problems we have been experiencing. And again, I request an immediate meeting with you and Martha at any time and location you require

In the meantime, I now for the third time am requesting authorization to enter into settlement negotiations without further delay. Your September 4, 1998, correspondence reflects a lack of understanding. Martha's case is not over and settlement negotiations remain possible. However, if the opposing party becomes more aware than they already are that we are having difficulty controlling our client or that the client is making decisions regarding legal matters, Martha's chances for recovery are significantly reduced and opposing counsel could not be more happy. This is another reason why it is imperative that we meet as soon as possible to discuss this case and move on with Martha's best interests in mind.

Another matter that warrants addressing is Mary's most recent correspondence to me. I will not address her comments specifically but suffice it to say friction would diminish if direct contact with you and Martha were permitted and no intermediary was required. Further, I note that Mary allegedly copied numerous individuals including what she called "other interested persons". I trust those "other interested persons" did not include either the judge or opposing counsel. Suffice to say such act would have only served to diminish Martha's chances for recovery and undermine our ability to effectively interact with those individuals.

Your threat to contact the Chief Disciplinary Counsel in various states does not set well with me or any other attorney involved in this case. In over forty years of combined legal experience, none of us have received any type of disciplinary complaint. I submit this reflects well on both our legal representation and client interaction. Nevertheless, you are certainly free to take any action you deem necessary. However, I will not jeopardize Martha's interests by prematurely refiling this action simply to avoid your personal threat of some type of disciplinary action.

Finally, by intimating in your September 4, 1998, correspondence that you will not contact the Chief Disciplinary Counsel if I were to refile this case, indicates that you wish us to continue

FRAHM & STEVENSON, L L C.                                                    177

Bruce Chancellor
c/o Mary Sulzen
September 11, 1998
Page 3

representing the interests of Martha. I trust you realize we have spent more than two years on this
case and tens of thousands of dollars of our own money in the pursuit of her interests. However, I
am compelled to inform you that should you initiate any type of action, we would not be able to
continue to represent Martha as there would be a conflict of interest. This means we would file a lien
to protect our interests for reasonable expenses incurred on any subsequent recovery.

Bruce, again I urge you to focus on caring for Martha and let us handle the legal matters
without continuous bickering with you and further unnecessary delays. In addition to what I have
mentioned above, you continue to jeopardize Martha's chances of recovery by refusing to authorize
and grant requested settlement authority. Further, you continue to jeopardize Martha's chances for
recovery by refusing to meet with us in person to discuss this case and the problems associated
therewith. As such, I reiterate that we are willing and able to proceed with Martha's case as soon
as you have complied with our request and agree to meet with us in person. Otherwise, if you wish
to engage the services of new counsel, simply inform us of your request and have your new counsel
refile this case within the one-year time permitted by law.

Thank you for your attention with regards to these matters and I await further direction from
you. I remain,

Sincerely,

Charles T. Frahm

CTF/bgr
cc: Phil Smith
    Bennett Nolan

# STOOPS & CLANCY, P. C.

### ATTORNEYS AT LAW
2250 E. 73rd Street, Suite 400
Tulsa, Oklahoma 74136
Telephone: (918) 494-0007
Facsimile: (918) 488-0408

*Fred E. Stoops, Sr.*
*Timothy P. Clancy*

*Of Counsel:*
*Brad Smith*
*John M. Schroeder*

January 28, 1999

Ms. Mary Sulzen
Route 1, Box 1174
Wheatland, Missouri 65779

Dear Ms. Sulzen:

      In re:  Martha Chancellor

      I met with Charles Frahm Thursday and picked up the file from him at his office in Overland Park, Kansas. As I am sure you are aware, the file is quite large. Of course, I have not had the opportunity yet to go through the file in any detail at all, but it does appear that there has been a substantial amount of beneficial work done on the file by Mr. Frahm and your other former attorneys.

      I am aware that there is a hearing Friday on the bar complaints that have been filed against Mr. Frahm. Again, I would urge you to discontinue the bar complaint. I do not believe Mr. Frahm intended to in any way cause damage to you or your case and, to the contrary, did put substantial effort into advancing your case.

      I hate to see you spend negative energy when there are so many positive things we need to accomplish.

Sincerely,

Fred E. Stoops, Sr.

esg W:\Cindy\Chancellor.98-1157\mafra99.128.wpd
cc Mr. Charles T. Frahm (via facsimile: [913] 648-8808)

**VIA FACSIMILE:  (417) 282-6407**

245

# STOOPS, CLANCY & HILSHER

A PROFESSIONAL CORPORATION

## ATTORNEYS AT LAW

FRED E. STOOPS, SR.❖
TIMOTHY P. CLANCY
GERALD L. HILSHER*

❖Also Admitted in Colorado & Indiana
* Also Admitted in Texas

2250 E. 73RD STREET, SUITE 400
TULSA, OKLAHOMA 74136-6833

TELEPHONE: (918) 494-0007
FACSIMILE: (918) 488-0408

OF COUNSEL:
BRAD SMITH
JOHN M. SCHROEDER

MEDICAL STAFF:
GENE STUNKLE, M.D.
(Not Licensed to Practice Law)

*December 6, 1999*

*Ms. Mary Sulzen*
*Rt. 1 Box 1174*
*Wheatland, MO 65779*

> *Re:    Martha J. Chancellor*
> *Our File: 98-1157*

*Dear Ms. Sulzen:*

*Receipt of your November 29ʰ letter is acknowledged. I believe I have previously answered your questions as to why a second deposition is requested. Further, I have previously told you I requested an additional ninety (90) days due to difficulty in getting those depositions scheduled so that we would not run a foul with the court. The main concern I have is that your case has been dismissed one time and should it be dismissed again we are unable to refile.*

*As I previously told you it is my desire to collect the most money possible for you. It is almost impossible for an attorney to work for clients who do not trust him. If you do not trust me then I suggest you get another attorney. There is ample time before the trial setting. Otherwise, we need to work together without having you second guess everything I do looking for some ulterior motive.*

*Sincerely,*

*Fred E. Stoops, Sr.*

*FES/cdb*

244

D

FRED E. STOOPS, SR.❖
TIMOTHY P. CLANCY
GERALD L. HILSHER*

❖Also Admitted in Colorado & Indiana
* Also Admitted in Texas

2250 E. 73RD STREET, SUITE 400
TULSA, OKLAHOMA 74136-6833

TELEPHONE: (918) 494-0007
FACSIMILE: (918) 488-0408

OF COUNSEL:
JOHN M. SCHROEDER

MEDICAL STAFF:
GENE STUNKLE, M.D.
(Not Licensed to Practice Law)

*January 10, 2000*

*Bruce and Martha Chancellor*
*Rt. 1 Box 1174*
*Wheatland, MO 65779*

> *Re: Martha J. Chancellor*
> *Our File: 98-1157*

*Dear Bruce and Martha:*

*I received your January 6th fax. I previously advised you that I felt the Defendants would be willing to take the depositions of Mary Sulzen in Springfield if the two of you would be willing to also give a deposition in Springfield. I have advised you previously that we needed to provide dates to avoid being noticed for deposition. You have not provided me dates and the defense got tired of waiting and noticed you for deposition. The Federal Rules of Civil Procedure allow defendants to proceed in exactly this manner.*

*I am extremely aware of Martha's physical and mental problems as a direct result of the negligence of the Defendant. I very much want to present a strong case on her behalf and part of that is presenting damage testimony which would come from Mary herself as well as the two of you. Your depositions are critical to establishing our case.*

*We further need any other people who are having enough contact with Martha that they could testify as to her current condition.*

*As previously advised, if you do not trust me, you need to get another attorney immediately. It is nearly impossible for me to work with you when I do not even get dates for a deposition. You must help me in these matters.*

*If you respond immediately, I think it is still possible we could get the depositions moved to Springfield, but I must hear from you right away.*

*Bruce and Martha Chancellor*
*January 10, 2000*
*Page 2*

Sincerely,

*Fred E. Stoops, Sr.*

*FES/cdb*

# STOOPS & CLANCY, P.C.

### ATTORNEYS AT LAW
2250 E. 73rd Street, Suite 400
Tulsa, Oklahoma 74136
Telephone: (918) 494-0007
Facsimile: (918) 488-0408

Fred E. Stoops, Sr.
Timothy P. Clancy

Of Counsel
Brad Smith
John M. Schroeder

February 1, 1999

Mary Sulzen
Rt. 1 Box 1174
Wheatland, MO 65778

Via Facsimile to (417) 282-6407

RE:     Medical Malpractice Case -
        Martha Jane Chancellor

Dear Ms. Sulzen:

I received your fax on February 1, 1999 when I returned to the office. We are inventorying the file to know exactly what bills and records we have so as to not unnecessarily waste effort. I will get back with you on that as soon as possible.

Pertaining to the complaint against Mr. Frahm, my recommendation to not pursue it is based substantially upon the fact that you have enough problems to deal with without increasing your burden. I would like to see your life simplified and not complicated. Regardless of what you choose to do in this regard, ultimately that is your decision, and I will respect that.

Sincerely,

Fred E. Stoops, Sr.

FES:jp

W:\Jody\Fred's Cases\Chancellor, Mary\Sulzen ltr 02-01-99.wpd

24 (

E

JANUARY 29, 1999

FRED E. STOOPS, SR.
ATTORNEY AT LAW
STOOPS AND CLANCY, P.C.
2250 EAST 73RD STREET
SUITE 400
TULSA, OKLAHOMA    74136

RE: MEDICAL MAL-PRACTICE ACTION
    MARTHA J. CHANCELLOR

DEAR MR. STOOPS,

THANK YOU FOR YOUR PROMPT RESPONSE. WE ARE GLAD TO HEAR
MARTHA'S CASE FILE COULD PERHAPS CONTAIN SOME PERTINENT
INFORMATION.

WE RESPECT YOUR OPINION WITH REGARD TO DISCONTINUING OUR
COMPLAINT AGAINST MR. FRAHM FOR HIS REPRESENTATION DURING THE
PAST FOUR YEARS.  WE DO WONDER, HOWEVER, ABOUT THE RATIONALE
BEHIND YOUR URGING US TO DISCONTINUE THE COMPLAINT. SHOULD
THE OPPORTUNITY EVER ARISE, WE ARE SURE DR. LUIS CESAR AND
HIS ATTORNEYS WOULD OFFER THAT "DR. CESAR DID NOT INTEND IN
ANY WAY TO CAUSE DAMAGE TO MARTHA AND DID PUT SUBSTANTIAL
EFFORT INTO ADVANCING HER MEDICAL TREATMENT". SAD THOUGH IT
IS, THE FACT REMAINS THAT THERE ARE THOSE AMONG YOUR LAW
BRETHREN WHO WOULD FAIL TO MAINTAIN THE NOBLE STANDARDS OF
HONOR AND INTEGRITY SET BY THE LEGAL PROFESSION FOR THOSE WHO
CHOOSE TO ENTER THAT PROFESSION.  MR. FRAHM'S ACTIONS HAVE
PERPETUATED THE WRONGS DONE TO MARTHA AND BRUCE BY THE
MEDICAL PROFESSION.  THEY STAND DEFENSELESS AGAINST RIGHTING
THE MEDICAL WRONGS, BUT DO SEE A COURSE OF ACTION VIA THE
BAR COMPLAINT TO PERHAPS OBTAIN JUSTICE FOR MR. FRAHM'S LEGAL
WRONG-DOINGS TO THEM.

WHEN YOU ARE ABLE TO REVIEW THE MEDICAL BILLS IN MARTHA'S
FILE, PLEASE LET ME KNOW WHICH ONES YOU HAVE, AND WE WILL TRY
TO OBTAIN THOSE THAT ARE ABSENT FROM THE FILE.

THANK YOU

*Mary*

MARY SULZEN
RT. 1, BOX 1174
WHEATLAND, MISSOURI 65779
417-282-6407

240

F

FEBRUARY 18, 1999

FRED E. STOOPS, SR.
ATTORNEY AT LAW
STOOPS AND CLANCY, P.C.
2250 EAST 73RD STREET - SUITE 400
TULSA, OKLAHOMA   74136

RE: MARTHA CHANCELLOR
    MEDICAL MAL-PRACTICE CASE

DEAR MR. STOOPS,

I RECEIVED FEBRUARY 8, 1999, THE HARD COPY OF YOUR FACSIMILE
DATED FEBRUARY 1, 1999.  THE ZIP CODE OF 65778 ON THE LETTER
WAS INCORRECT, AND APPARENTLY WAS SENT TO SEVERAL DIFFERENT
PLACES BEFORE SOMEONE RESORTED TO READING THE NAME OF THE
TOWN.  THE CORRECT ZIP CODE IS " 65779 ".  YOUR FAX OF
FEBRUARY 17, 1999 ALSO CONTAINS THE ERRONEOUS ZIP CODE AND ON
PAGE 2 IS HEADED WITH REFERENCE "CHANCELLOR, MARY" AND
SHOULD HAVE READ "CHANCELLOR, MARTHA".  THE INCORRECT NAME
COULD PERHAPS RESULT IN FILING ERRORS, SO YOU MAY WANT TO
CORRECT YOUR RECORDS.

ON JANUARY 6, 1999, I SENT YOU A FACSIMILE CONTAINING OUR
REQUEST FOR A COPY OF THE CONTRACT FOR OUR RECORDS.  TO DATE,
WE HAVE NOT RECEIVED THAT.  HAS THAT BEEN MAILED TO US ?
COULD YOU PLEASE SEND US A HARD COPY OF THE CONTRACT ?

ARE CHARLES FRAHM AND/OR ANY OF HIS ASSOCIATES STILL IN ANY
WAY PARTICIPATING WITH YOU AND MR. MC CUTCHEN AS ATTORNEYS -
EITHER ACTIVELY OR IN CONSULTATION - ON MARTHA'S CASE ?

IF SO, WE WOULD APPRECIATE YOUR EXPLANATION AS TO WHY, AND
THE EXTENT OF THEIR INVOLVEMENT.

MR. FRAHM BREACHED HIS CONTRACT WITH THE CHANCELLORS. MR.
FRAHM'S  AND ALL OF HIS ASSOCIATES' PROFESSIONAL RELATIONSHIP
WITH THE CHANCELLORS WAS ACCORDINGLY CONCLUDED WITH MR.
FRAHM'S LETTER OF SEPTEMBER 11, 1998 STATING SUCH.

MR. FRAHM INTRODUCED YOU TO THE DISCIPLINARY HEARING
COMMITTEE, AND TRIUMPHANTLY PRESENTED AS HIS "ADDITIONAL
EVIDENCE OF HIS AND HIS ASSOCIATES' ABSOLUTELY PERFECT
HANDLING OF THE CHANCELLOR'S CASE ", A COPY OF YOUR FACSIMILE
TO ME DATED JANUARY 28, 1999.

WHAT WAS YOUR REASON TO PROVIDE MR. FRAHM WITH A COPY OF YOUR
CONFIDENTIAL CORRESPONDENCE TO US URGING US TO DISCONTINUE
THE COMPLAINT AGAINST HIM AND HIS ASSOCIATES TO THE MISSOURI
SUPREME COURT DISCIPLINARY COMMITTEE ?

2.

WAS PROVIDING FRAHM A COPY OF YOUR RECOMMENDATION TO US PART
OF THE DEAL TO OBTAIN MARTHA'S FILE FROM HIM ?

YOU ADVISE THAT MR. FRAHM EXERTED A VERY "SUBSTANTIAL" EFFORT
IN PURSUIT OF THE CHANCELLORS' CASE.   DIDN'T MR. FRAHM
PROVIDE YOU WITH A DOCUMENT LIST WHEN YOU RECEIVED THE FILE ?
IF NOT, DIDN'T THAT MAKE THE WRITING OF THE RECEIPT RATHER
AWKWARD ?   DOES THE RECEIPT STATE YOU TOOK POSSESSION OF AN
UNSPECIFIED NUMBER OF DOCUMENTS OF UNKNOWN CONTENT ?

WOULDN'T THE INVENTORY OF THE FILE CONTENTS HAVE BEEN DONE BY
MR. FRAHM PRIOR TO RELEASING THEM TO YOU ?   BY MR. FRAHM'S
ACCOUNT, THE CASE WAS "ABSOLUTELY, TOTALLY READY TO BE
PRESENTED FOR TRIAL".   YOUR INVENTORY OF THE FILE SHOULD HAVE
REVEALED SUCH PREPAREDNESS

THIS BEING THE CASE, WHY HAVE YOU NOT ACCOMPLISHED THE RE-
FILING OF THE SUIT ? YOU PROJECTED IN DECEMBER 1998 TO RE-
FILE THE SUIT WITHIN SIXTY DAYS.

HAS THE DATE OF RE-FILING BEEN POSTPONED ? ARE YOU DELAYING
THE RE-FILING OF THE CASE UNTIL AFTER THE MARCH 1, 1999
HEARING DATE, WHEN MARTHA MAY BE SEIZED BY FRAHM AND HIS
ASSOCIATES ?

YOU DO NOT APPEAR TO HAVE ANSWERED OUR QUESTION AS TO WHAT
ACTION YOU PROPOSE TO TAKE REGARDING THE HEARING FOR PETITION
TO APPOINT GUARDIAN AND CONSERVATOR.   ARE WE TO CONCLUDE THAT
YOU PLAN TO DO NOTHING ON THIS MATTER ?

WE WOULD APPRECIATE YOUR RESPONSE TO OUR CONCERNS.

SINCERELY,

MARY SULZEN
RT. 1, BOX 1174
WHEATLAND, MISSOURI 65779

FAX:   417-282-6407
TELEPHONE:   417-282-6731

# STOOPS & CLANCY, P.C.

### ATTORNEYS AT LAW
2250 E. 73rd Street, Suite 400
Tulsa, Oklahoma 74136
Telephone: (918) 494-0007
Facsimile: (918) 488-0408

Fred E. Stoops, Sr.
Timothy P. Clancy

Of Counsel
Brad Smith
John M. Schroeder

February 19, 1999

Ms. Mary Sulzen
Rt. 1 Box 1174
Wheatland, MO 65779

Via Facsimile to (417) 282-6407

RE:   Chancellor, Martha Jane
      Our File Number: 98-1157

Dear Ms. Sulzen:

I received your February 18th fax this morning. We are correcting the caption and zip code in our computer, and should not repeat that error. I am with this fax, sending you a copy of the contract and will put a hard copy in the mail to you.

I am not consulting with Mr. Frahm, or anyone else from his office or associated with him about this case. Prior to my last fax to you, I did have my secretary call to make sure he was, in fact, not behind the recent petition for conservatorship.

When I told you in December I expected to have the case on file in eight (8) weeks, I thought we would be receiving the file substantially sooner than we did. The file was received approximately thirty (30) days later than anticipated, which sets our time frame back somewhat, although not substantially. When filing in Federal Court, we must be very careful that we are ready because times generally run much faster and we have no margin for error, given the fact that the case has been dismissed one time. Any second dismissal is with prejudice, and there is no right to re-file.

Pertaining to your numerous questions about Mr. Frahm, I would tell you that whether or not he felt he was ready for trial, with the case in its current condition, is subst---  ... 'y irrelevant to whether or not I feel we are ready. The file is voluminous and be          n say whether or not we are ready for trial, I must synthesize the material to d.          what additional efforts need to be undertaken.

251

Chancellor, Martha Jane
Ltr to M. Sulzen - via fax and mail
Page - 2

I thought I had answered your question as to what I intended to do &
petition to appoint guardian and conservator. I told you, in my fax, that matter
that are very local in nature and you need a local attorney. Since Bruce is
husband, there is a high probability that if a guardian and conservator are appo.
he would be that person and not Dottie Dyer.

I am working very diligently to protect and advance the interests of M&
Bruce. As in any medical malpractice case, there are always formidable obstac
must be overcome.    One obstacle I am not willing to attempt to ove.
simultaneously fighting for my client, while at the same time fighting with my cl
must either trust me or not trust me. If you do not trust me, I will withdraw from
immediately so that you may hire someone you trust. I will not continue to se
back and forth questioning my allegiance.

As I have previously stated, I do believe Mr. Frahm and his assoc
substantial work in this case. I do not wish to spend any more of my time &
talking about him. That does absolutely nothing to bring this case to a s
conclusion. Any time and effort that I spend answering these questions, is time &
that I am not able to spend productively for Martha, Bruce, and my other client

Sincerely,

Fred E. Stoops, Sr.

FES:jp

Attachment- Contract
(hard copy will follow via mail)

W:\Uody\Fred's Cases\Chancellor, Martha\Sulzen ltr 02 19 99.wpd

252

May 27, 2000

The Honorable Robert T. Dawson
United States District Judge
United States District Court
Western District of Arkansas
Post Office Box 1624
Fort Smith, Arkansas    72902-1624

Re: Case Number 99-CV-2066
    United States District Court
    Western District of Arkansas
    Martha J. Chancellor, Plaintiff, vs. Defendants Van Buren
    H.M.A., Inc d/b/a Crawford Memorial Hospital; Rebecca M.
    Floyd, M.D.; Luis Cesar. M.D.; and Holt-Krock Clinic, PLC

Dear Judge Dawson,

I am writing in response to your Order dated May 23, 2000,
in which you denied my Motion to Reschedule the Trial Date of
July 10, 2000.

I do not know why you think that my Motion is not any good,
since Bruce had nothing to do with it, nor did he write it.
I dictated it and I signed it.

Where in the world do you get off saying that he did it, when
he did not have anything to do with it ? Just because you are
a Judge does not mean anything to me. I know if I had a
lawyer here, he would not let me say that. Bruce does not
like it either, but he is no lawyer, you said.

I am not too happy with the Court appointed lawyers, anyway.

We are working on it now (to hire a lawyer), and we have seen
one or two already. The lawyers do not want it because
somebody else has already had it.

Since I filed the first one (Motion), will the second one do
any good ?

Will you sign it, please ?

253

G

Enclosed please find for your perusal a copy of my Second Motion to Reschedule Trial Date and a videotape of me dictating my response to your Order of May 23, 2000.

If there are any questions, please contact me.

Respectfully submitted,

Martha J. Chancellor
Rt. 1, Box 1124
Wheatland, Missouri 65779

MJC/ms

Enclosures

cc: Chris Johnson
Office of the Clerk
United States District Court
Post Office Box 1547
Fort Smith, Arkansas    72902-1547

The Honorable Beverly S. Jones
Magistrate Judge
United States District Court
Western District of Arkansas
Post Office Box 1525
Fort Smith, Arkansas    72902-1525

J. Michael Cogbill
Attorney at Law
Ledbetter, Cogbill, Arnold & Harrison, LLP
Post Office Box 185
Fort Smith, Arkansas    72902-0185

Wayne Harris
Attorney at Law
Warner, Smith, & Harris, PLC
Post Office Box 1626
Fort Smith, Arkansas    72902-1626

Kelly Carithers
Attorney at Law
Davis, Cox & Wright, PLC
Post Office Drawer 1688
Fayetteville, Arkansas    72702-1688